### JESSEN ET AL. v. PIERCE ET AL.

[No. 3,172. Filed June 27, 1900.]

MUNICIPAL CORPORATIONS.—*Street Improvements.—Bonds.—Foreclosure.*—Where a property owner pays an instalment of a street improvement assessment which has been made and placed upon the tax duplicate under §4290 *et seq.* Burns 1894, the treasurer's receipt discharges the lien of the assessment to the extent of the payment, and the holder of a bond issued on account of such improvement cannot maintain an action to foreclose the lien of the assessment because of the failure of the treasurer to pay such instalment to the owner of the bond.

From the Newton Circuit Court. *Affirmed.*

*W. Cummings* and *W. Darroch,* for appellants.
*J. T. Saunderson* and *T. B. Cunningham,* for appellees.

BLACK, J.—The board of trustees of the town of Brook, in Newton county, caused the improvement under contract of a certain street in the town. The appellees, owners of adjoining lots, executed the written agreement necessary in such case to entitle them to pay their several assessments in ten annual instalments.

The board of trustees, in payment for the improvement, issued to the contractors, the appellants, a street improvement bond, with coupons payable at a specified bank in said town, the first coupon due the first Monday in May, being May 2, 1898, and the second the first Monday in November,

being November 7, 1898, and ordered that the deferred payments of those entitled to pay their assessments in instalments be placed upon the tax duplicate and be collected in the same manner as other town taxes are collected; and in January, 1898, the board of trustees caused the county auditor to place the assessments against the lots of the appellees upon a tax duplicate and to deliver the duplicate to the county treasurer, showing the instalments and interest payable on the first Monday of May, 1898, and the interest payable on the first Monday of November, 1898.

The appellants, on the 8th of October, 1898, the first coupon being unpaid and still held by them, brought suit against the appellee Pierce, and on the 20th of December, 1898, the first and second coupons being unpaid and held by the appellants, they brought another suit against the other appellees, in each suit seeking to foreclose the liens of the several assessments. These suits were consolidated for trial.

The instalments of the several assessments upon the tax duplicate payable on or before the first Monday of May were paid at that date to the county treasurer by all the appellees except the appellee Pierce, who paid that instalment with ten per cent. thereof added thereto to the county treasurer on the 17th of September, 1898; and prior to the first Monday of November, 1898, the instalments payable on or before that date by the appellees were paid by them respectively to said treasurer. The amounts so paid to the county treasurer remain in his hands; and the only matter for decision is the question whether, notwithstanding the payments to the county treasurer of the instalments upon the tax duplicate as above stated, the appellants, still holding the unpaid coupons, were entitled to foreclose the liens of the assessments.

It is proper to recite some of the statutory provisions relating to street improvements in cities and towns.

It is provided by §4290 Burns 1894, §6773 Horner

1897, that the cost of the street improvement shall be estimated according to the whole length of the part of the street to be improved per running foot, and the city or the incorporated town shall be liable to the contractor for the contract price of the improvement, and the city or incorporated town shall have a lien upon such lots or parts of lots from the time the improvement is ordered for such costs of improvement, collectible as by the statute provided; and that the assessments with interest accruing thereon shall be a lien upon the property assessed; and "shall remain a lien until fully paid;" and if the city or incorporated town shall fail, neglect, or refuse promptly to enforce and collect such assessment when due, the owner or holder of any of the bonds or certificates thereinafter mentioned may foreclose such lien or liens, and shall recover, in addition to the amount of said bonds and interest and all costs, a reasonable attorney's fee.

In §4297 Burns 1894, §6779 Horner 1897, it is provided that it shall be lawful for the city or incorporated town to provide by ordinance for the issuance of certificates or bonds to contractors, who, under contract with the city, shall have constructed any such improvement, in payment therefor; and that such certificates and bonds shall transfer to the contractor and his assigns all the right and interest of the city or town to, in, and with respect to every such assessment and the lien thereby created against the property of such owners assessed as shall avail themselves of the provisions of the statute to have their assessments paid in instalments, and shall authorize such contractor or his assigns to receive, sue for, and collect, or have collected, every such assessment embraced in any such certificate or bond, by or through any of the methods provided by law for the collection of assessments for local improvements, including the provisions of this statute. "And if the city or town shall fail, neglect, or refuse to pay said certificates or bonds, or promptly to collect any such assessments when due, the owner of any

such certificates or bonds may proceed in his own name to collect such assessments and foreclose the lien thereof in any court of competent jurisdiction." Any number of holders of such certificates or bonds for any single improvement may join as plaintiffs, and any number of owners of the property on which the same are a lien may be joined as defendants in such suit.·

The appellants in their suit to foreclose the lien of the assessments rely upon the above provision, that if the city or town shall fail, neglect, or refuse to pay the certificates or bonds, or promptly to collect any assessment when due, such a suit will lie.

It is provided in §4294 Burns 1894, §6777 Horner 1897, that when bonds have been requested as therein indicated, the common council of the city, or the board of trustees of the town, shall cause the assessment and bonds to be placed upon the city or town tax duplicate and charged against the several lots, etc., ten per cent. for each successive year for ten years, adding to the several amounts interest payable semiannually; and the first ten per cent. shall be due and payable when the first tax falls due and is payable after the assessment is made; and the assessment, as made, together with the interest thereon, shall be a lien upon the several lots, etc., to the same extent that taxes are a lien upon such property, and shall be collectible in the same way that taxes are collectible, or in such manner as the common council or board of trustees, by ordinance, shall prescribe; and the law governing the collection of taxes shall so far. as applicable regulate and govern the collection of such assessment, and such assessment and the proceeds arising therefrom shall constitute a special fund for the payment of the costs of the improvement and the bonds and certificates issued therefor, and for no other purpose.

And in §4294 Burns 1894, §6777 Horner 1897, there is also a provision that whenever any payment shall be made

upon any of such assessments, it shall be the duty of the treasurer, contractor, or owner of the assessments, bonds or certificates or instalments of assessments, receiving such payment, to enter upon the proper record the receipt of such money, and such receipt shall be a discharge of the lien of such assessment to the extent of such payment.

In construing any particular provision of the statute, it must be considered in connection with all other pertinent provisions of the same enactment, and the language of the particular provision should be applied, if possible, so as to allow effect to the apparent meaning of other particular provisions and so as to accord with the intention reasonably inferred from the statute considered as a consistent whole.

The statute made it obligatory upon the appellees to pay the instalments upon the tax duplicate to the treasurer, which they did. By the express provision of the statute, the treasurer's receipt of the money discharged the lien of the assessment to the extent of the payment.

Whatever meaning may be ascribed properly to the provision on which the appellants rely, it can not be allowed the effect of authorizing collection by suit from the lot owner who has paid the accrued instalments in compliance with the positive requirements of the statute, or as giving the remedy of foreclosure of a lien which has been discharged to the extent to which the claim thereby secured has matured.

The money received by the treasurer from the appellees became a part of a special fund devoted exclusively to the payment of the costs of the street improvement and the bond held by the appellants, and to that fund they must resort.

Judgment affirmed.